FILED

APR 13 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Jonathan Eduardo MADRIGAL-Perez,<br><br>Defendant. | Case No.:   **15MJ8338**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on April 9, 2015, to determine whether the defendant, Jonathan Eduardo MADRIGAL-Perez, should be held in custody pending trial on the grounds that he is a flight risk. Assistant U.S. Attorney Karla Davis appeared on behalf of the United States. Attorney James Johnson, of Federal Defenders of San Diego, Inc., appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services' Officer, and the criminal complaint issued against the Defendant on April 9, 2015, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required

will reasonably assure the appearance of the Defendant.

I

# FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>:

1. The Defendant is charged in Criminal Complaint No. 15MJ8338 with the importation of 7.98 kilograms (17.59 pounds) of Methamphetamine in violation of Title 21, U.S.C., §§ 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801, et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. <u>See</u>, 18 U.S.C. § 3142(e).

3. The offense carries with it a minimum mandatory sentence of 10 years and a maximum sentence of life. <u>See</u>, 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 38. <u>See</u>, USSG § 2D1.1(c)(1). Assuming the Defendant's criminal history score places him in Criminal History Category I, <u>see</u>, USSG § 4A1.1, the sentencing range for the Defendant is 235-293 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2))</u>:

1. On April 9, 2015, the Defendant, a Legal Permanent Resident, was the driver, sole occupant, and registered owner of a Honda Accord as he approached the Calexico, California West Port of Entry. Defendant stated he was going to his house in Calipatria, California and had been to Mexico visiting his girlfriend. Customs and Border Protection Officer referred the Defendant and the vehicle to vehicle secondary for further inspection.

Z-Portal detected anomalies in both the driver's side and passenger's side rocker panels. A Canine Enforcement's Human/Narcotics Detector Dog alerted to the rear passenger door. Sixteen packages containing 7.98 kilograms (17.59 pounds of methamphetamine were found within the vehicle.

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3))</u>:

    1. The Defendant is a citizen of Mexico.

    2. The Defendant resides in Calipatria, California.

    3. The Defendant's girlfriend resides in Mexicali, Mexico.

    4. The Defendant has substantial ties to Mexico.

D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4))</u>:

    1.    The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. Defendant has the following criminal history:

        10/14/13    496(A) PC – Receive/etc. known stolen property
                               Disposition Unknown

## REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint Number 15MJ8338 to wit: the importation of 7.98 kilograms (17.59 pounds) of Methamphetamine in violation of Title 21, U.S.C., §§ 952 and 960.

B. The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. Therefore, he has a strong motive to flee.

C. The Defendant has significant ties to Mexico.

D. The Defendant has not rebutted the presumption, based upon the Court's findings, that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, et seq.) and that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

### III

### ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General, or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or

being held in custody pending appeal.  The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 4-13-2015

_____
HON. PETER C. LEWIS
U.S. MAGISTRATE JUDGE

Prepared by:

LAURA E. DUFFY
United States Attorney

_____
KARLA DAVIS
Assistant U.S. Attorney

cc:   James Johnson
      Federal Defenders of San Diego, Inc.

      Gary Burcham
      Counsel for Defendant